## No. 5378.

### State of Louisiana vs. John Harper and Peter Linn.

The law having declared that crimes such as the defendants were charged with should be tried by the Superior Criminal Court, it matters not how the case came to that court from the First District Court. It is sufficient to know that the case was in the court, and the only court having jurisdiction over the defendants. The route by which it got there is not of any consequence. It is not seen how any of their rights were invaded, or how they were deprived of any safeguard guaranteed to them by the law to make good their defense.

It is not necessary that any plea or issue should have been joined with them in the Superior Criminal Court. The issue was joined when they pleaded to the information filed in the First District Court.

The crime with which defendants stood charged was improperly designated in the motion to docket and fix the case for trial, but it is not seen how this injured them. They were only tried as to the charge on which they were arraigned, and this was all they could ask.

Defendants are certainly not in the custody of the First District Court, and the jurisdiction of the Superior Criminal Court attached not from the transfer of the cause, but from the act which took them out of the jurisdiction of the First District Court and vested jurisdiction in the Superior Criminal Court.

This court cannot see in what the proceedings, or any one of them had before the Superior Criminal Court, after the transfer of the case thereto, were erroneous, illegal, or void.

APPEAL from the Superior Criminal Court, parish of Orleans. *Atocha*, J. Criminal case. *John McPhelin*, District Attorney, and *A. P. Field*, Attorney General, for plaintiff and appellee. *W. W. Howe*, appointed by the court, for defendants and appellants.

Morgan, J. The defendants were proceeded against by information filed in the First District Court of New Orleans, charged with breaking and entering a shop in the night time with intent to steal. They were arraigned before that court and pleaded not guilty. The information

was filed on the eighth of April, 1874. They pleaded to it on the ninth of the same month.

On the fifteenth of April, in the Superior Criminal Court, the following motion was made:

"On motion of A. P. Field, Esq., Attorney General of the State of Louisiana, it is ordered that the following case be entered, docketed, and filed in the Superior Criminal Court for the parish of Orleans: No. 49. The State of Louisiana vs. John Harper and Peter Linn, charged with the crime of murder."

Notice of trial was served upon them. They were also served with a copy of the information which had been filed against them and with the jury list.

They were tried and found guilty on both counts. Before sentence a *nolle pros.* was entered on the second count (larceny), and they were sentenced to seven years imprisonment at hard labor.

They appeal.

Their counsel assign as error apparent on the face of the record:

First—That the Superior Criminal Court tried and rendered judgment against them, although no indictment had ever been found or transferred to that court, nor had any information charging them with the offense of breaking and entering a shop been filed in, or transferred to said court against them, nor any plea or issue made or joined with them in that court, or transferred thereto.

The act No. 124 of the session of 1874, creating a Superior Criminal Court, provides (section four) that "on motion of the Attorney General or District Attorney, or attorney acting for either of them, the record in all cases now pending or untried in the First District Court, over which said Superior Criminal Court shall have exclusive jurisdiction, shall be transferred to said Superior Criminal Court, and the Superior Criminal Court shall have power to command the clerk of the First District Court to do such acts as may be required in furtherance of this act."

The law having declared that crimes, such as the defendants were charged with, should be tried by the Superior Criminal Court, how the case came to that court from the First District Court, whether it was on motion of the Attorney General in the First District Court, or whether the clerk of that court had been commanded to send up the information by the judge of the Superior Criminal Court, or whether the papers were presented by the Attorney General, matters not. It is sufficient for us to know that the case was in the court, and the only court having jurisdiction over them. The route by which it got there we are indifferent about. Neither do we see how any of their rights were invaded by the mode of proceeding which was adopted, or how

State of Louisiana vs. Harper and Linn.

they were deprived of any safeguard guaranteed to them by the law to make good their defense. And this we think necessary to entitle them to our protection. Nor was it necessary that any plea or issue should have been joined with them in the Superior Criminal Court. The issue was joined when they pleaded to the information filed in the First District Court.

Second—They complain that the motion of the attorney, which we have quoted, "is not an order to transfer any cause to the Superior Criminal Court, much less is it an order to transfer thereto the issue formed in the First District Court for the parish of Orleans by the information and the plea of not guilty as found in the record, which issue was formed and is pending in the First District Court."

There is no case pending against them in the First District Court. The proceedings instituted against them there were, by the law, transferred to the Superior Criminal Court, which court, after the passage of that law, was the only court which could try them. The issue was already made up before the case was placed on the docket of the Superior Criminal Court, and there was none other to make. As regards the question of transfer, we have disposed of that in what we said upon the first error assigned.

Third—That "the order to 'docket, enter, and file' in the Superior Criminal Court an 'information' or a 'charge of murder' against John Harper and Peter Linn, whether by said names were intended these appellants, or some other persons of the same name, could lay no legal foundation for trying, convicting, and sentencing the appellants upon a charge of 'breaking and entering a shop in the night time, with intent to steal.'"

The crime with which the defendants stood charged was improperly designated in the motion to docket and fix the case for trial, but we do not see how this injured them. They were only tried on the charge upon which they were arraigned, and this was all they could ask.

Fourth—That "if the Superior Criminal Court have jurisdiction of the crime for which appellants have been sentenced, it never acquired jurisdiction of the cause or issue respecting said crime, to wit: the issue made by the plea of not guilty in the First District Court, nor did it ever acquire jurisdiction of the parties defendant in said issue, who are still, in contemplation of law, held by the order of the First District Court remanding them to custody after said plea of not guilty was made."

They are certainly not in the custody of the First District Court, and the jurisdiction of the Superior Criminal Court attached not from the transfer of the cause, but from the act which took them out of the jurisdiction of the First District Court and vested jurisdiction in the Superior Criminal Court.

Fifth—That " the proceedings set forth in the record as occurring in the Superior Criminal Court after the fifteenth of April, 1874, (when the order to docket and fix their case for trial was made), whether they are considered with reference to the 'information' or charge of 'murder' 'filed' 'on that day,' or with reference to the issue formed by the plea of not guilty made by defendants in the First District Court, are equally erroneous, illegal, and void."

The " proceedings " after the date stated consist in a notice of trial. served upon them; of a copy of the list of jurors impaneled to serve before the Superior Criminal Court during the April term thereof; the appointment of counsel to represent them upon their stating that they had no means to employ counsel, and the continuance of the case in order to give them time to prepare for trial; the service on them of a copy of the list of jurors impaneled to serve before the Superior Criminal Court during the May term thereof; their being brought into court for trial; the impaneling of the jury; the verdict against them, and their sentence.

. We cannot see in what these proceedings or any of them are erroneous, illegal, or void.

We have thus examined all the grounds assigned as error by the defendants, and our conclusion is that they are not sufficient to authorize us to reverse the action of the district court.

.Judgment affirmed.